## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TRAILER BRIDGE, INC.**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO. 22-5358**

**LOUISIANA INTERNATIONAL MARINE, LLC**                     **SECTION: "G"(5)**

### ORDER AND REASONS

Before the Court are Defendant Louisiana International Marine, LLC's ("Defendant") Motion to Alter or Amend Judgment[1] and Motion for Attorney's Fees.[2] From December 16, 2024 through December 17, 2024, the Court held a bench trial in this matter.[3] On May 9, 2025, the Court entered judgment in favor of Defendant against the MEMPHIS BRIDGE and ATLANTA BRIDGE, *in rem*.[4] Defendant requests that the Court amend its judgment to include an award, *in personam*, against Plaintiff for interest, costs, and attorney's fees. Considering the motions, the memoranda in support and in opposition, the reply memoranda, the record, and the applicable law, the Court denies the Motion for Attorney's Fees. The Court grants the Motion to Alter or Amend Judgment in part and denies it in part.

---

[1] Rec. Doc. 105.

[2] Rec. Doc. 99.

[3] Rec. Docs. 88 and 89.

[4] Rec. Doc. 97.

## I. Background

Plaintiff owned two deck barges, ATLANTA BRIDGE and MEMPHIS BRIDGE.[5] On August 4, 2020, Plaintiff and Work Cat Florida, LLC ("Work Cat") executed a BIMCO Standard Barge Charter Party Agreement ("the Trailer Bridge/Work Cat charter agreement") for the time charter of the barges to Work Cat.[6] The charter agreement contained a no-lien and indemnity provision.[7] A copy of the charter agreement was maintained in the line lockers of the ATLANTA BRIDGE and MEMPHIS BRIDGE and was available upon request.[8]

On November 12, 2020, Work Cat and Defendant entered into two identical BIMCO Supplytime 2005-time charter party agreements for certain offshore service vessels (collectively "the LIM/Work Cat charter agreements"), namely the LA COMMANDER and the LA INVADER owned by Defendant.[9]

Beginning in January 2021, Work Cat, pursuant to the LIM/Work Cat charter agreements, utilized the services of the LA COMMANDER and the LA INVADER to perform various services including towage of the chartered barges owned by Plaintiff.[10] Plaintiff was not a part of, did not consent to, and lacked knowledge of these arrangements.[11]

---

[5] Rec. Doc. 1 at 2.

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4.

[11] *Id.*

Defendant regularly invoiced Work Cat for payment for the services rendered from January 16, 2021 through June 18, 2021.[12] On May 18, 2021, Work Cat filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Middle District of Florida – Tampa Division.[13] On June 22, 2021, Work Cat converted its bankruptcy proceedings from Chapter 11 to Chapter 7.[14]

On May 25, 2021, Defendant filed a proof of claim in the Work Cat bankruptcy proceedings for the unpaid invoices to Work Cat totaling $1,364,214.17.[15] Defendant alleged that this amount was for "towage services and supplies" rendered to Work Cat for the use of the LA COMMANDER and LA INVADER.[16]

On June 4, 2021, Defendant filed two claims of lien with the National Vessel Documentation Center ("NVDC") against the ATLANTA BRIDGE for $1,264,214.16 and against the MEMPHIS BRIDGE for $1,362,214.16.[17] Both claims of lien allege a maritime lien for necessaries for towage against the respective barges.[18]

On August 1, 2022 and November 28, 2022, Plaintiff entered into Purchase and Sale Agreements to sell the MEMPHIS BRIDGE and the ATLANTA BRIDGE.[19] Both agreements

---

[12] *Id.*

[13] *Id.* at 5.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 6.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 7.

require Plaintiff to indemnify and defend the purchasers.[20] On November 30, 2022, Defendant sent a Notice of Lien and Demand for Payment to the purchaser of the MEMPHIS BRIDGE.[21] On December 16, 2022, the purchaser made demand to Plaintiff seeking defense and indemnity against the claim asserted by Defendant.[22]

On December 20, 2022, Plaintiff filed a complaint in this Court against Defendant seeking declaration that the claims of lien asserted by Defendant are invalid.[23] On January 23, 2023, Defendant filed an answer and counterclaim against Plaintiff seeking recognition of the liens and judgment *in rem* against the barges.[24]

From December 16, 2024 through December 17, 2024, the Court held a bench trial in this matter.[25] At the close of Plaintiff's case-in-chief, Defendant moved for Judgment of Partial Findings that Defendant did not have actual notice of the no-lien provision, which was taken under advisement.[26] At the close of Plaintiff's case-in-chief, Defendant moved for partial judgment pursuant to Federal Rule of Civil Procedure 52(c), that Plaintiff had not met its burden of proving actual notice.[27] The Court took this matter under advisement.[28] On day two of trial, the Court ruled

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 8.

[23] *Id.* at 11.

[24] Rec. Doc. 5.

[25] Rec. Docs. 88 and 89.

[26] Rec. Doc. 88.

[27] Trial Transcript, Day One.

[28] *Id.*

that Defendant did not have actual notice of the no-lien clause.[29] After Defendant rested, Plaintiff moved for Judgment as a Matter of Law on the claims asserted against Plaintiff *in personam*.[30] Defendant conceded that it does not intend to assert a claim against Plaintiff *in personam* for necessaries, and Plaintiff's motion was granted in part and denied in part as to attorney's fees.[31] Second, Plaintiff moved for Judgment as a Matter of Law in its favor finding that the maritime liens asserted by Defendant were invalid.[32] This issue was taken under advisement.[33] Third, Plaintiff made an oral motion for reconsideration of the Court's ruling that Defendant did not have actual notice of the no-lien clause, which was taken under advisement.[34] Fourth, Plaintiff moved for Judgment as a Matter of Law as it relates to whether Defendant's liens were incorrect and invalid, which was taken under advisement.[35] Fifth, Plaintiff moved for Judgment as a Matter Law in its favor finding that LIM's claims were discharged in bankruptcy court, which was denied by the Court.[36] Sixth, Plaintiff moved for Judgment as a Matter of Law as to the reasonableness of the claim of lien asserted by LIM, which was denied.[37] Seventh, Plaintiff moved for Judgment as a Matter of Law in its favor finding that LIM did not rely on the credit of the vessels, which was

---

[29] Rec. Doc. 89.

[30] Trial Transcript, Day Two.

[31] *Id*.

[32] *Id*.

[33] *Id*.

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.*

denied.[38]

On May 9, 2025, the Court entered judgment against the MEMPHIS BRIDGE in the amount of $863,162.50 and ATLANTA BRIDGE in the amount of $630,402.10, *in rem,* plus court costs, reasonable attorney's fees, and pre and post judgment interest.[39] On May 23, 2025, Plaintiff filed a Motion for Attorney's Fees.[40] On May 28, 2025, Plaintiff filed a Notice of Appeal[41] and a Motion to Approve Security and Stay Execution of Judgment.[42] On June 3, 2025, Plaintiff filed an opposition to Defendant's Motion for Attorney's Fees.[43] On June 6, 2025, Defendant filed a Motion to Alter Judgment.[44] On June 9, 2025, Defendant filed a reply memorandum in further support of its Motion for Attorney's Fees.[45] On June 16, 2025, Plaintiff filed an opposition to the Motion to Alter Judgment.[46] On June 20, 2025, Defendant filed a reply memorandum in further support of its Motion to Alter Judgment.[47]

---

[38] *Id.*

[39] Rec. Doc. 97.

[40] Rec. Doc. 99.

[41] Rec. Doc. 100.

[42] Rec. Doc. 101.

[43] Rec. Doc. 103.

[44] Rec. Doc. 105.

[45] Rec. Doc. 107.

[46] Rec. Doc. 112.

[47] Rec. Doc. 114.

## II. Parties' Arguments

**A.**    *Motion to Alter Judgment*

**1.**    **Defendant's Argument in Support of Motion to Alter Judgment**

Defendant moves to alter or amend the May 9, 2025 Judgment pursuant to Federal Rule of Civil Procedure 59(e), to reflect an award *in personam* against Plaintiff.[48] Defendant contends the Judgment correctly awarded Defendant the principal value of its maritime liens against the barges *in rem.*[49] Defendant explains, by virtue of an earlier Lien Escrow Agreement, the principal amounts of Defendant's maritime lien claims were transferred to an escrow fund.[50] Defendant contends the parties disagree on how interest, costs, and attorney's fees should be awarded.[51] Defendant avers the judgment should award interest, costs, and attorney's fees in favor of Defendant and against Plaintiff *in personam*,[52] Defendant asserts that pre-judgment interest in the amount of $351,806.07 should be awarded in its favor against Plaintiff, *in personam*.[53]

Defendant points out that jurisprudence has established that attorney's fees are not "necessaries", and thus, are not lienable.[54] Defendant contends the Court properly awarded Defendant attorney's fees as "prevailing party" under 46 U.S.C. § 31343(c)(2), but Congress did

---

[48] Rec. Doc. 105-1 at 1.

[49] *Id.* at 2.

[50] *Id.*

[51] *Id.*

[52] *Id.* at 3.

[53] *Id.* at 4.

[54] *Id.*

not create a new maritime lien enforceable *in rem* for the prevailing party.[55] Defendant argues that

because Plaintiff commenced this action as plaintiff, it subjected itself to *in personam*

jurisdiction.[56] Defendant states that the issue of whether Defendant's recovery of interest, costs,

and attorney's fees would be limited by the escrow fund (*in rem*) or against Trailer Bridge (*in*

*personam*) is in dispute.[57] Defendant points out that the Lien Escrow Agreement provides that

Defendant's recovery is not limited to the lien escrow fund, and Defendant may look to Plaintiff

to satisfy its claim.[58] Defendant argues as a matter of law and as a matter of contract, Plaintiff is

liable *in personam* for costs and attorney's fees.[59]

Defendant contends that during trial, it did not agree to dismiss its *in personam* claims

against Plaintiff for interest, costs, or attorney's fees.[60] Defendant maintains that its claims for

maritime liens were *in rem* and its claims for interest, costs, and attorney's fees were *in*

*personam*.[61] Defendant states that this Court has not issued an order and judgment dismissing

Plaintiff in its capacity as *in personam* counter-defendant.[62] Defendant clarifies that it only

intended to assert its maritime lien claims for necessaries *in rem*.[63] Defendant prays that the Court

---

[55] *Id.* at 5.

[56] *Id.*

[57] *Id.* at 6.

[58] *Id.*

[59] *Id.*

[60] *Id.* at 7.

[61] *Id.*

[62] *Id.* at 8.

[63] *Id.*

render a supplemental or amended judgment clarifying that the award of interest, costs, and attorney's fees is *in personam* against Plaintiff.[64]

### 2.    Plaintiff's Arguments in Opposition to Motion to Alter Judgment

Plaintiff, appearing as limited claimant of the MEMPHIS BRIDGE and ATLANTA BRIDGE, opposes the motion to alter judgment.[65] Plaintiff contends that any claims against it were dismissed in their entirety during trial following Plaintiff's oral Motion for Judgment as a Matter of Law.[66] Plaintiff argues Defendant has failed to submit any evidence warranting amendment of the judgment.[67] Plaintiff contends Defendant has not demonstrated manifest injustice pursuant to Federal Rule of Civil Procedure 59.[68] Plaintiff asserts Defendant does not argue that dismissal of Plaintiff from this lawsuit was improper, nor does Defendant argue that the Court improperly granted Plaintiff's Motion for Judgment as a Matter of Law.[69] Plaintiff points out that Defendant concedes that attorney's fees and costs cannot be rendered against the vessels *in rem.*[70] Plaintiff suggests that this Court's Judgment should be amended to remove the award of attorney's fees and costs against the vessels.[71]

---

[64] *Id.* at 9.

[65] Rec. Doc. 112.

[66] *Id.* at 2.

[67] *Id.* at 3.

[68] *Id.*

[69] *Id.*

[70] *Id.*

[71] *Id.* at 3–4.

Plaintiff argues Defendant should be judicially estopped from changing its prior accepted position that Defendant did not intend to assert a claim against Plaintiff *in personam*.[72] First, Plaintiff contends Defendant asserts a prior inconsistent position, and Defendant now moves to relitigate *in personam* claims against Plaintiff.[73] Next, Plaintiff argues the Court accepted Defendant's prior inconsistent position.[74] Third, Plaintiff argues that it would be prejudiced and Defendant would receive an unfair advantage if the Court allows the alleged inconsistencies to proceed.[75] Plaintiff argues because the Court dismissed all *in personam* claims during trial, Plaintiff was not required to put on a defense.[76] Plaintiff asserts the Court should deny Defendant's Motion to Alter Judgment.[77]

### 3.    Defendant's Arguments in Further Support of the Motion to Alter Judgment

Defendant contends Plaintiff appears to agree that a manifest error of law or manifest injustice would occur if the Judgment is not amended or clarified.[78] Defendant reiterates that the Court should clarify the Judgment by specifying that the Court's award for attorney's fees and costs are against Plaintiff *in personam*.[79] Defendant points out that the minute entry from day two of trial reflects that Plaintiff's Motion for Judgment as a Matter of Law as to whether Defendant

---

[72] *Id.* at 4.

[73] *Id.* at 5.

[74] *Id.* at 6.

[75] *Id.*

[76] *Id.*

[77] *Id.* at 7.

[78] Rec. Doc. 114 at 1.

[79] *Id.* at 2.

has a viable claim against Plaintiff and whether Defendant is entitled to attorney's fees was granted in part.[80] Defendant clarifies it did not agree to dismiss its claims *in personam* related to attorney's fees.[81]

Defendant contends it is not utilizing the instant motion to relitigate issues.[82] Defendant explains that it moves to correct or prevent a manifest error of law or fact by asking the Court to clarify that its award to Defendant of interest, costs, and attorney's fees is against Plaintiff *in personam* and not against the barges *in rem.*[83] Defendant asserts it has maintained the same position throughout this litigation.[84] Defendant avers that Plaintiff's contention that it was dismissed as a party is incorrect.[85] Defendant prays that the Court grant its motion and amend the Judgment to clarify the award of interest, costs, and attorney's fees.[86]

**B.     Motion for Attorney's Fees**

**1.     Defendant's Arguments in Support of the Motion for Attorney's Fees**

Defendant requests that the Court fix the amount of attorney's fees in the amount of $186,717.50 against Plaintiff *in personam*.[87] Defendant contends this amount is reasonable under the applicable "lodestar" methodology, and the amount requested is considerably less than the

---

[80] *Id.*

[81] *Id.* at 3.

[82] *Id.* at 4.

[83] *Id.*

[84] *Id.* at 5.

[85] *Id.* at 6.

[86] *Id.*

[87] Rec. Doc. 99.

amount of attorney's fees estimated by Plaintiff at trial.[88] Defendant states its lead counsel, David B. Sharpe, with over 35 years of legal expense, has an hourly rate of $300 to $350 an hour.[89] Defendant states the hourly rate for the associates on its legal team was $225 an hour.[90] Defendant contends other courts in this District have found higher rates to be reasonable.[91] Defendant includes a table summarizing the hours spent by its litigation team following trial.[92] Defendant explains that it has attached invoices and declarations confirming the requested amounts.[93]

Defendant contends attorney's fees and taxable court costs are not a part of a maritime lien for necessaries.[94] Defendant explains an award of attorney's fees to a prevailing party according to 46 U.S.C. § 31343(c)(2) is *in personam* and not *in rem*.[95] Defendant avers it is well settled that attorney's fees are not "necessaries" and are not a part of a maritime lien for necessaries.[96] Defendant asserts any award of costs and attorney's fees to the prevailing party is to be awarded

---

[88] Rec. Doc 99-1 at 1.

[89] *Id.* at 3

[90] *Id.*

[91] *Id.*

[92] *Id.* at 5.

[93] *Id.* at 6.

[94] *Id.* at 7.

[95] *Id.*

[96] *Id.*

*in personam.*[97] Defendant prays that the Court enter judgment awarding it taxable costs and reasonable attorney's fees against Trailer Bridge *in personam.*[98]

### 2.    Plaintiff's Arguments in Opposition to the Motion for Attorney's Fees

Plaintiff opposes the motion solely as claimant of the MEMPHIS BRIDGE and ATLANTA BRIDGE.[99] Plaintiff argues this Court properly dismissed it as a party in this lawsuit.[100] Plaintiff contends the Judgment was not rendered against it.[101] Plaintiff contends Defendant's Motion for Attorney's Fees is not a Motion to Amend Judgment.[102] Plaintiff avers the Judgment was against the barges.[103] Plaintiff contends that binding precedent has made clear that legal services are not "necessaries" that were provided to the barges.[104] Plaintiff asserts Defendant's motion should be denied because attorney's fees cannot be rendered against a vessel *in rem*.[105]

Plaintiff argues even if the law permitted an award of attorney's fees against the barges, the amount sought is unreasonable.[106] Plaintiff contends any affidavits from the fee-seeking attorneys "must also speak to rates actually billed and paid in similar lawsuits," and Defendant

---

[97] *Id.* at 8.

[98] *Id.*

[99] Rec. Doc. 103 at 1.

[100] *Id.*

[101] *Id.* at 2.

[102] *Id.*

[103] *Id.* at 3.

[104] *Id.*

[105] *Id.* at 4.

[106] *Id.*

here fails to do so.[107] Plaintiff argues the total number of hours expended by Defendant's five attorneys is excessive and unreasonable, warranting a reduction.[108] While Defendant suggests to the Court that its attorneys expended 627.3 hours during litigation, Plaintiff argues Defendant must display an exercise of billing judgment and Defendant's billing records do not indicate that any was exercised, how much or when.[109] Plaintiff points out that Defendant fails to include invoices, amounts billed for specific entries, or whether those entries were reduced.[110] Plaintiff contends almost every page of time entries contains a manual revision of time claimed.[111] Plaintiff contends the handwritten revisions call into question the accuracy of the time entry records.[112]

Plaintiff argues it is unreasonable for Defendant to request attorney's fees related to settlement discussions, evaluations, and participation through voluntary mediations.[113] Plaintiff contends settlement discussions account for 44.9 hours of time.[114] Plaintiff requests that the Court employ a whole reduction in any lodestar calculation.[115] Plaintiff also requests a downward

---

[107] *Id.* at 5.

[108] *Id.*

[109] *Id.*

[110] *Id.* at 6 – 7.

[111] *Id.* at 7.

[112] *Id.*

[113] *Id.*

[114] *Id.* at 8.

[115] *Id.* at 9.

adjustment to the attorney's fee award.[116] Plaintiff suggests that Defendant unnecessarily incurred legal fees throughout this litigation which supports a downward adjustment.[117]

Plaintiff argues 46 U.S.C. § 31343(c)(2) does not provide Defendant a right to recover attorney's fees.[118] Plaintiff explains that 46 U.S.C. § 31343(c)(2) provides for a declaratory action to a vessel owner to establish that a claimant does not have a valid claim of lien.[119] It is Plaintiff's position that neither party is a "prevailing party" since the underlying notices of lien were withdrawn and the validity of said notices of lien were not addressed by the Court.[120] Plaintiff contends that because it was justified in its position that the notices of lien were unreasonable, Defendant should be denied attorney's fees.[121] Plaintiff asserts the Motion for Attorneys Fees should be denied and the Judgment should be limited to the maritime lien amounts alone.[122]

### 3.    Defendant's Arguments in Further Support of the Motion for Attorney's Fees

Defendant contends it was declared the "prevailing party" according to the Judgment and Order and Reasons issued by the Court.[123] Defendant avers its request for costs and attorney's fees is *de facto* reasonable.[124] Plaintiff contends its request for attorney's fees in the amount of

---

[116] *Id.*

[117] *Id.* at 10.

[118] *Id.*

[119] *Id.*

[120] *Id.* at 11.

[121] *Id.* at 12.

[122] *Id.*

[123] Rec. Doc. 107 at 1.

[124] *Id.* at 2.

$187,717.50 and taxable costs in the amount of $2,051.82 are reasonable because they are less than Plaintiff's pretrial estimates.[125] Defendant points out that Plaintiff's own hourly rates are higher than those sought by Defendant, and in another matter in this District, Plaintiff included fees for dispute resolution, which Plaintiff now asserts is improper here.[126]

Defendant contends its counsel worked on an hourly basis and submitted invoices paid by Louisiana International Marine that reflect contemporaneous time entries.[127] Defendant asserts the Court has not dismissed Plaintiff from this lawsuit.[128] Defendant avers the Court has yet to enter Judgment against Plaintiff, and Defendant has requested that the Judgment be amended to award interest, costs, and attorney's fees *in personam* against Plaintiff.[129] While Plaintiff asserts it is now appearing solely on behalf of the barges, Defendant argues that the barges lack standing to challenge an *in personam* judgment against Plaintiff.[130] Defendant prays that it is awarded $186,717.50 in attorney's fees against Plaintiff *in personam*.[131]

### III. Legal Standard

#### A.    *Motion to Alter/Amend Judgment*

Federal Rule of Civil Procedure 59(e) states that, "a motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment." The Fifth Circuit recognizes that such

---

[125] *Id.*

[126] *Id.*

[127] *Id.* at 4.

[128] *Id.* at 5.

[129] *Id.* at 6.

[130] *Id.* at 7.

[131] *Id.* at 8.

a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[132] "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."[133]

## B.    *Motion for Attorney's Fees*

Courts in the Fifth Circuit engage in a two-step process to assess attorney's fees.[134] First, a lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[135] "[T]here is a strong presumption that the lodestar figure is reasonable."[136] After calculating the lodestar, a district court may decrease or enhance the amount of attorneys' fees based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[137] Those factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the

---

[132] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[133] *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

[134] *Combs v. City of Huntington*, 829 F.3d 388, 390 (5th Cir. 2016).

[135] *Id.*

[136] *Id.* at 553–54.

[137] *Id.* (citing *Johnson v. Georgia Highway Express, Inc*., 488 F. 2d 714 (5th Cir. 1974)).

results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[138] The lodestar may not be adjusted due to a *Johnson* factor if the creation of the lodestar award already took that factor into account.[139] Such reconsideration is impermissible double-counting.[140]

## IV. Analysis

Defendant requests that the Court award it attorney's fees in the amount of $186,717.50, and Defendant also requests that the Court amend the Judgment, awarding attorney's fees, interest, and costs against Plaintiff *in personam*. In opposition, Plaintiff argues that attorney's fees are not available against the vessels *in rem*, and Plaintiff asserts Defendant's request for attorney's fees is unreasonable.

Defendant argues the Court made a manifest error of law in the May 9, 2025 Judgment because attorney's fees were awarded to Defendant *in rem* against the MEMPHIS BRIDGE and ATLANTA BRIDGE. With respect to attorney's fees, the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31343(c)(2) provides that in maritime lien proceedings, "[t]he court may award ... attorneys fees to the prevailing party, unless the court finds that the position of the other party was substantially justified or other circumstances make an award of ... attorney's fees

---

[138] *Id.* at 390, n.1.

[139] *Saizan v. Delta Concrete Prods. Co*, 448 F.3d 795, 800 (5th Cir. 2006).

[140] *Id.*

unjust."[141] A suit *in rem* to enforce a maritime lien is limited to the value of the lien itself.[142] In *Gulf Marine & Industrial Supplies, Inc. v. GOLDEN PRINCE M/V*, the Fifth Circuit held that attorney's fees were beyond the scope of necessaries because they are not necessary for the ship to carry on its normal functions and not something essential to the vessel's operations.[143] "The only object of the proceeding *in rem*, is to make [the right to the maritime lien] available—to carry it into effect. It serves no other purpose."[144] Moreover, maritime liens are governed by the principle of "*stricti juris* and will not be extended by construction, analogy or inference."[145] Both parties agree that an award for attorney's fees *in rem* for "necessaries" was improper in these circumstances. Thus, the Court finds that the Judgment should be amended to correct a manifest error of law.

Defendant argues the Judgment should be amended to reflect an award of attorney's fees, interest, and costs *in personam* against Plaintiff. Plaintiff argues any *in personam* claims against it were dismissed when the Court granted its oral Motion for Judgment as a Matter of Law, and the Judgment should be amended to remove the award for attorney's fees and costs against the vessel.

---

[141] 46 U.S.C. § 31343(c)(2).

[142] *Bradford Marine, Inc. v. M/V Sea Falcon,* 64 F.3d 585, 588 (11th Cir. 1995).

[143] 230 F.3d 178 (5th Cir. 2000).

[144] *The Rock Island Bridge,* 73 U.S. (6 Wall.) 213, 215, 18 L.Ed. 753 (1867) ("The lien and the proceeding *in rem* are, therefore, correlative—where one exists, the other can be taken, and not otherwise."); *see also J.P. Provos Maritime S.A. v. M/V Agni,* No. 99-26 c/w 99-29, 99-47, 99-106, 1999 WL 558151 at *2 (E.D. La. 1999) (denying an in rem claimant in a maritime lien case an award of contractually-agreed upon attorneys' fees because legal services do not benefit the vessel; *Triton Marine Fuels Ltd., S.A. v. M/V Pacific Chukotka,* 671 F. Supp. 2d 753, 760-61 (D. Md. 2009) (finding that "terms in the underlying contract for necessaries are not automatically covered by the resulting lien" but that "a maritime lien under the [CIMLA] appears to only cover the price necessaries themselves plus interest").

[145] *Piedmont & Georges Creek Coal Co. v. Seaboard Fisheries Co.,* 254 U.S. 1, 12, 41 S.Ct. 1, 4, 65 L.Ed. 97 (1920).

The parties disagree on whether Plaintiff was dismissed as a party to this suit. The trial transcript provides as follows:

> **MR. KEAN:** Okay, Trailer Bridge pursuance to Rule 52(c) moves this court for judgment as a matter of law on various issues because there's no reasonable fact finder would find in favor of LIM based on the evidence presented on the following issues. The first being that Louisiana International Marine has no viable claims against Trailer Bridge in-person number. Trailer Bridge is a named defendant in this lawsuit, but LIM's claims sound in admiralty and are based *in rem* against the barges. They have presented no facts or evidence viable claim against defendant Trailer Bridge. They have presented nothing to find that Trailer Bridge itself is liable for the *in rem* necessaries claims to which they claim a lien on, Your Honor. They reference specifically I'll point the Court towards Record Document No. 5 count 1 of document No. 5 which is the counterclaim. And it specifically says in paragraph 14 there exists a valid maritime lien on the barges MEMPHIS BRIDGE and ATLANTA BRIDGE for outstanding necessaries. There is no reference to Trailer Bridge. And there has been no evidence that Trailer Bridge incurred a lien itself. So, Your Honor, we ask for a judgment of recall finding that there is no viable claim of lien as against Trailer Bridge itself.
> …
>
> **MR. SHARPE:** May it please the Court David Sharpe for defendant LIM. Thank you. To be clear, LIM is not asserting a maritime lien claim against Trailer Bridge. It is an *in rem* claim that sounds only against the barges since Trailer Bridge sold the barges and by agreement with LIM we confected an escrow agreement security in lieu of the recordation of liens, these barges were never arrested. So LIM's lien claims now will be satisfied out of this escrow agreement. So we actually don't disagree.
> **THE COURT:** So you agree.
> **MR. SHARPE:** Yeah, we do. There's one thing that we disagree about a nuance, excuse me. When Trailer Bridge brought this action it's kind in the nature of a declaratory judgment action under the maritime lien act I think it's 31314c but it's late in the day. That's the provision that allows a party like Trailer Bridge to come into court and ask for a judgment either directing the National Vessel Documentation Center to remove the lien or declaring that there's no lien at all. So that's kind of how this whole case got kicked off. And that provision that statutory provision in the lien act has what I call a loser pays provision, and that is that the district court in its discretion can award attorney's fees and costs to the prevailing party. So of the three kind of major components of LIM's claim, principal value of maritime lien for towage services which includes the day rate and the fuel, that we can only recover from the escrow fund. We don't claim we can recover *in personam*. So that's not in dispute. Second part, prejudgment interest, well, my automatic I think is the Fifth Circuit's term for it. If we should prevail and the court

in its discretion awards prejudgment interest that would also be in the nature of an *in rem* claim. If the total award exceeds the value of security, too bad for LIM. So we are capped for those two parts of the claim. The maritime lien and prejudgment interest. If the Court were to award LIM attorney's fees and costs according to the statute, that's *in personam*. They brought the suit and whoever the prevailing party is the Court has discretion to award fees. So that's the only claim before the Court that kind of sounds *in personam*. But we do not have any contracts at issue directly between LIM and Trailer Bridge. I hope that's cleared it up.

**THE COURT:** Uh-huh.

**MR. KEAN:** Your Honor, for clarification purposes, my motion -- I have a separate motion that I will make as to the attorney's fees but we can talk about that now just for clarity purposes.

…

**THE COURT:** Thank you. For the purpose of this motion, I think it's fair to say that you all agree or you'll stipulate to the fact that the intent is that this is an *in rem* action, and you're not -- for purposes of the lien action right pursuing Trailer Bridge itself or individually.

**MR. SHARPE:** Correct.

**THE COURT:** And so we'll leave out the with the exception of I'll have to interpret the attorney's fees but with regard to the lien itself right your motion is granted with those provisions or limitations.[146]

Based on the trial transcript, the Court granted Judgment as a Matter of Law as to the *in personam* maritime lien claim for necessaries against Plaintiff, but the Court did not make a ruling as to the issue of attorney's fees. While Defendant argues that attorney's fees and costs should be awarded against Plaintiff *in personam,* Defendant provides no authority, nor can the Court locate any, wherein attorney's fees and costs were awarded *in personam* when the underlying prevailing claim was *in rem*. "When a maritime lien attaches, the plaintiff may pursue an *in rem* action against the vessel involved."[147] Besides an *in rem* action against the vessel, "[t]he plaintiff also has the option of bringing an *in personam* action against any party that is directly liable in contract, tort,

---

[146] Unedited Trial Transcript, Day 2.

[147] *Dowell Div. of the Dow Chem. Co. v. Franconia Sea Transp., Ltd.*, 504 F.Supp. 579, 581 (S.D.N.Y. 1980), *aff'd*, 659 F.2d 1058 (2d Cir. 1981).

or some other substantive law."[148] However, if there is no "separate basis of substantive liability," the *in personam* liability does not attach "merely because a maritime lien has come into existence."[149] Based on this persuasive authority and the overall posture of this litigation, upon further consideration, the Court finds it equitable that each party bears its own attorney's fees and costs.[150] The Court will issue an amended judgment reflecting the same.

### V. Conclusion

For the reasons stated herein, the Court finds that amendment of the May 9, 2025 Judgment is necessary to correct a manifest error of law. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Alter Judgment is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** to the extent it requests that the Judgment be amended. The motion is **DENIED** to the extent it requests that attorney's fees and costs be awarded *in personam*. An amended judgment shall issue separately.

**NEW ORLEANS, LOUISIANA**, this   8th   day of July, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[148] *Id.*

[149] *Id.*; *see also* Notes of Advisory Committee on Rules, Rule C Supplemental Rules for Admiralty and Maritime Claims of the Federal Rule of Civil Procedure (noting that "no action *in personam* may be brought when the substantive law imposes no personal liability").

[150] *See e.g., Three Fifty Markets Ltd. v. M/V ARGOS M,* 2024 WL 2746797 (E.D. La. May 29, 2024).

22